IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKEY JORDAN, #389165, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:24-cv-01261 |
| | )   Judge Trauger |
| F/N/U ELLIOT, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rickey Jordan, a state inmate proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 against Captain Elliot, a guard at the Trousdale Turner Correctional Center. (Doc. No. 1.) The plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the court for ruling on the plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

**I. APPLICATION TO PROCEED IFP**

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because the plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to prepay the entire filing fee, that IFP application (Doc. No. 2) is **GRANTED**.

Regardless of their indigency, prisoners are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be

paid in installments over time via an assessment against his inmate trust account. *Id.* § 1915(b)(1)–(2).

Accordingly, the plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

A. Legal Standard

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim

upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

B. Allegations of the Complaint

The Complaint alleges that Captain Elliot used excessive force on the plaintiff when he

3

sprayed him in the back of the head with mace "for no apparent reason," following an "uproar" from other inmates who were being moved out of the plaintiff's housing unit. (Doc. No. 1 at 3.) During this commotion at the front of the housing unit, the plaintiff was cutting another inmate's hair in the back of the unit. (*Id.*) Defendant Elliot approached the plaintiff and told him to "get on the wall," which the plaintiff did. (*Id.*) When other inmates and prison officials began yelling at Elliot to release the plaintiff, the plaintiff "tried to look and see who all were talking, but was too scared to look." (*Id.*) Then, the plaintiff heard a loud pop as Elliot deployed his spray, and his face and eyes started burning. (*Id.*) Elliot took the plaintiff to medical, apologized for spraying him, told him that he would have to "take one for the team," and then took the plaintiff to segregation where he remained for two days without an opportunity to shower. (*Id.* at 4–5.) During those two days, when the plaintiff sweated, the chemical spray that had dried on his skin reactivated and burned again "like a bunch of razor blades on his skin." (*Id.*) The plaintiff was served with a disciplinary write-up on his third day in segregation, and he remained in segregation for ten total days. (*Id.* at 5.) When he returned to his cell, he discovered that all his property had been stolen. (*Id.*) As relief, he seeks an award of damages against Defendant Elliot. (*Id.* at 6.)

C. <u>Analysis</u>

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits the use of excessive force against convicted inmates. The "core judicial inquiry" in considering such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In addition to this subjective inquiry, there is also an objective component to Eighth Amendment excessive-force claims, which requires the pain inflicted to be sufficiently serious. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v.*

*Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). However, the court may not apply a "de minimis injury" test to such claims, as "the judicial inquiry should focus on 'the nature of the force rather than the extent of the injury.'" *Williams*, 631 F.3d at 384 (quoting *Wilkins*, 559 U.S. at 34).

For purposes of initial review, the plaintiff's allegation that he suffered burning pain from the chemical spray is sufficient to establish the objective component of his claim. Presuming the truth of his allegations that he was maced after he "tried to look and see who all were talking," despite otherwise complying with Elliot's instruction to "get on the wall" and being noncombative during the interaction, he has adequately pled the subjective component of his excessive force claim for purposes of initial review. *Cf. id.* ("Petitioner alleges that, when instructed to 'pack up,' he inquired, 'What for, sir?,' at which point an 'assault team' entered the cell and used a chemical agent on him. These facts, if true, may permit a finding that the use and/or amount of force was unnecessary" and "perhaps motivated by the malicious purpose of causing harm."). Further factual development may reveal otherwise and may even vindicate the level of force used by Elliot, but at this early stage, the plaintiff's allegations are sufficient to allow his claim for excessive force to proceed.

### III. CONCLUSION

As explained above, the Complaint in this case will be allowed to proceed against Defendant Elliot.[1]

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendant Elliot. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may

---

[1] The court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

5

result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendant. Fed. R. Civ. P. 4(b) and (c)(3).

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Aleta A. Trauger
　　　　　　　　　　　　　　　　　　　United States District Judge